BOEHM, Justice,
dissenting.
In my view the degree of sanction appropriate for a judge depends on both the degree of culpability and the judge's fitness for ongoing service. I believe that this record establishes that Judge Hawkins is guilty of nothing more than excessive reliance on others and failure to have good procedures to control the flow of cases. The consequences of these oversights in Mr. Buntin's case are severe, but the issues before us today are Judge Hawkins's personal culpability and his fitness for ongoing service. The shortcomings in office procedures have been largely addressed for the future. In my view a significant sanction is warranted for a complete breakdown in proper controls over this case and apparently others. But Judge Hawkins has already been suspended with pay for over three months. Any suspension with or without pay is a sancetion that most judges would regard as substantial. And a suspension without pay for more than a few weeks in most cases will be tantamount to a forced resignation.
I hold the panel that heard this case in very high regard, but respectfully disagree with them and the majority of this court as to the degree of sanction that is appropriate here. Judge Hawkins committed no act of intentional wrongdoing, had no selfish motive, and showed no intentional disregard of the Code of Judicial Conduct. In my view a thirty day suspension is a very substantial sanction and the most that these facts warrant. I nonetheless agree that a suspension of sixty days is the proper disposition of this case, given that a majority favors a suspension for that period or longer.
RUCKER, J., concurs.